**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

VICTOR ELACIO (A No. 240-499-866),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER, et al.,

Respondents.

Case No. 1:26-cv-03220-JLT-FJS

ORDER WITHDRAWING THE REFERENCE
OF THIS MATTER TO THE MAGISTRATE
JUDGE; GRANTING PETITION FOR WRIT
OF HABEAS CORPUS; DENYING
RESPONDENTS' MOTION TO DISMISS;
AND DIRECTING RESPONDENTS TO
PROVIDE A SUBSTANTIVE BOND
HEARING

(Docs. 1, 7)

Victor Elacio is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition and **DENIES** Respondent's motion to dismiss. (Doc. 7.)

## I.   FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 2002 and was not encountered or processed by federal immigration officials. (Doc. 1 at 5.) On February 26, 2019, Petitioner was convicted in the Superior Court of California, County of Los Angeles, of California Penal Code § 273.5(a) — Inflicting Corporal Injury on a Spouse or Cohabitant and

sentenced to five days in jail and three years of probation. (Doc. 7-2 at 3.)

Petitioner was detained by Immigration and Customs Enforcement on December 28, 2025, and is currently detained at California City Detention Facility in California City, California. (*Id*.) On March 21, 2026, Petitioner was served with a Notice to Appear and charged as an alien present in the United States who has not been admitted or paroled pursuant to the Immigration and Nationality Act §§ 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I). (Doc. 7-1.) On April 27, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1.) On May 6, 2026, Respondents filed a response to the Petition on the grounds that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1.)

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.    DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 16.) To the extent that Respondents substantively address Petitioner's due process argument, they assert that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 7 at 1-2.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b)(2). *See R.P.V., v. Minga*

*Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' new legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

### IV.    CONCLUSION AND ORDER

1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**;

2.    The motion to dismiss (Doc. 7) is **DENIED**;

3.    Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;

///

4.     The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    __**May 11, 2026**__

_____
UNITED STATES DISTRICT JUDGE